EASTERN DIS.
*August,* 1833.

DAVIDSON
*vs.*
BUEL.

</div>

## DAVIDSON *vs.* BUEL.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

A cause will be remanded when the Supreme Court would reverse the judgment of the inferior court, on a charge of fraud, had not a jury found a verdict on that point, in accordance with which that judgment was rendered.

The facts of the case are fully stated in the opinion of the court, delivered by MARTIN, J.

The plaintiff is appellant from a judgment by which the defendant was permitted to retain a slave, which the former claimed as part of the estate of an insolvent, whose syndic he is.

His counsel has several points, none of which appear to authorise reversal of the judgment, except the one which urges the nullity of the sale to the defendant's vendor, who is urged to have been merely an authorised person, who became a purchaser, at a sale made by the defendant him-

self, as sheriff, on an order of seizure and sale, for the purpose of him the defendant, obtaining a title to the slave, which the law prohibited him to acquire, the act which contains the evidence of the resale took place on the day following the sheriff's deed to his own vendor, and for the same price.

In the case of *La Branche* vs. *Watkins,* 4 *Martin,* 394. We held that if a sheriff sell a runaway slave, and immediately takes a conveyance to himself, from his own vendee, for the same price, his own sale must be considered as a fictitious one, and will not divest the original owner of his own title. There is but a very trifling difference between the facts in that case and those in the present. The sale to the sheriff in the one was made immediately *instanter*, and on the other bears date of the following day. We cannot consider this slight variation of any weight, and we should feel no hesitation in reversing the judgment, if we were not arrested by the weight which the finding of a jury has and ought to have with us.

A cause will be remanded when the Supreme Court would reverse the judgment of [the inferior court, on a charge of fraud, had not a jury found a verdict on that point, in accordance with which that judgment was rendered.

It does not appear from the record, whether the point was made before them, from the opposite party not objecting that they are surprised by its being first made here, we must presume it was urged below, and if it was, it is evident that the jury did not find that the vendee, at the sheriff's sale, was an interested person. Under this impression, we cannot go in direct opposition to their verdict, but must remand the case for the re-investigation of another jury.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside and the case remanded for a new trial, the appellee paying costs in this court.